## OLIVER DINGMAN *vs.* STILES RAYMOND.

### April 26, 1881.

**Exemption from Execution—"Buggy."**—A "buggy" being "a single-seated, one-horse, covered vehicle or pleasure carriage, designed and adapted for carrying persons only," and as such used by the owner, is not exempt from execution as a "wagon."

Appeal by defendant from a judgment of the district court for Goodhue county, *Crosby*, J., presiding, on appeal from justice court, in an action by plaintiff to recover possession of a buggy, taken under execution by defendant as constable.

*F. W. Hoyt*, for appellant.

*Wilson & Skillman*, for respondent.

BERRY, J. The stipulation of the parties and the findings of the district court, with reference to the thing in controversy, are "that said buggy is a single-seated, one-horse, covered vehicle or pleasure carriage, designed and adapted for carrying persons only, and as such was used by said plaintiff; and the same was the only buggy or wagon owned by plaintiff at the time of said levy." Gen. St. 1878, c. 66, § 310, exempts from sale on execution "one wagon, cart, or dray, one sleigh, two plows, one drag, and other farming utensils * * * not exceeding $300 in value." I am of opinion that this does not cover a buggy like that in question, which is evidently what is popularly known and designated as a top or covered buggy or phaeton. Such a buggy is not a wagon, any more than it is a cart or dray, for what seems to me to be a plain, simple, and conclusive reason, viz.: that "wagon" is not the name or a name by which such buggy is designated, described or referred to in common acceptation.

GILFILLAN, C. J., and CORNELL, J. We concur in the result arrived at in the foregoing opinion, on the ground that it does not appear that the buggy was kept and used for any purpose but pleasure. For that purpose it was not within the spirit (and it is not within the letter) of the statute. If a buggy be necessary to, and be kept and used by the owner in his business, it may be within the spirit of the statute, and so exempt. But such is not this case.

Judgment reversed.