WILLIAM N. ALLEN *vs*. JOSEPH COATES.

January 4, 1882.

**Effect of General Appearance.**—Appearance waives defects in service of process. A general appearance cannot be set aside unless induced by fraud or mistake.

**Change of Venue, when Demandable.**—After the time to answer has expired, the right to *demand* a change of venue is gone. An order granting leave to answer does not revive that right.

**Counterclaim in Action for Conversion.**—In an action for conversion, a cause of action for malicious prosecution of a previous action for the same cause, is not a counterclaim.

**Irrelevant Cross-Examination.**—It is not error to exclude a question, on cross-examination, as to a matter wholly foreign to the issues.

**Conversion by Execution Sale—Disposition of Surplus Proceeds.**—In an action for conversion, that the defendant, who had levied on and sold the property on an execution against the plaintiff, had paid the surplus in to the justice who issued the execution, the plaintiff not having received it, is immaterial.

**Exemption.**—A buggy may be exempt from execution.

This action was brought in the municipal court of St. Paul for the taking and conversion, by defendant, of a buggy, alleged to be the property of plaintiff. Defendant, in his answer, justified his taking, as sheriff of Benton county, under a writ of attachment, followed by judgment and execution, in an action against the plaintiff. The plaintiff replied, alleging that the buggy was exempt from seizure or sale under any writ of attachment or execution. After the preliminary proceedings recited in the opinion, the case was tried by the court, a jury being waived, and judgment ordered and entered for plaintiff, from which defendant appeals.

*C. D. Kerr* and *L. W. Collins*, for appellant.

A buggy is not exempt from execution. *Dingman* v. *Raymond*, 27 Minn. 507; *Quigley* v. *Gorham*, 5 Cal. 418; *Favers* v. *Glass*, 22 Ala. 621; Smyth on Exemptions, §§ 523, 579; Thompson on Exemptions,

820; *Zielke* v. *Morgan*, 7 N. W. Rep. 651; *Fowler* v. *Hunt*, 48 Wis. 345; *Russell* v. *Lennon*, 39 Wis. 570; *Carty* v. *Drew*, 46 Vt. 346; *Corp* v. *Griswold*, 27 Iowa, 379; *Tuttle* v. *Buck*, 41 Barb. 417; *Dains* v. *Prosser*, 32 Barb. 290; *Grimes* v. *Bryne*, 2 Minn. 72, (89;) *Temple* v. *Scott*, 3 Minn. 306, (419;) *Rothschild* v. *Boelter*, 18 Minn. 361.

*Mead & Rotert*, for respondent.

GILFILLAN, C. J.   On the appearance day, the defendant appeared specially and moved to dismiss, on the ground that the summons was not served in time,—a point which, as appeared from the proof of service, was not well taken, and the motion was properly overruled. The defendant then entered his appearance, was given till August 21, 1880, to answer, and the cause was continued to August 24, 1880. After that there were three continuances,—the last being to September 22d,—without any extension, so far as the record shows, of the time to answer.   Defendant then applied, on an order to show cause, granted August 24th, to set aside the general appearance, the service of the summons, and the return thereof, and for a dismissal of the action, upon affidavits showing that it had been improperly served.   As the defect in the service had been waived by the general appearance, the objection came too late; and, as it was not shown that the general appearance was induced by fraud or mistake of fact, there was no reason to set it aside.

The order denying the application granted leave till October 5th to file an answer, and the cause was continued to that day.   On that day, on an affidavit and demand served September 29th, defendant moved for a change of venue, which was denied.   As the time for defendant to move for a change of venue, as a matter of right, had expired, with the expiring of the time to answer, (Gen. St. 1878, c. 66, § 49,) and, as the motion was made upon no other ground than that the action was not brought in the proper county, the motion was properly denied; for the leave to answer did not restore him to any right which he had lost, except the right to answer.   As, therefore, his application was too late under section 49, and there is no other provision of statute under which he could apply for a change, as a matter of right, it is unnecessary for us to determine whether under

that section he would have been entitled to a change had he applied in time.

The answer attempts to set forth, as a counterclaim, matters in the nature of actions for malicious prosecutions of other actions for the cause of action set forth in this complaint, and demanding $600 damages, and an injunction restraining plaintiff from commencing or prosecuting any other suits for the same cause of action. On filing this answer, defendant moved that the cause be certified to the district court, Ramsey county, and the municipal court so certified it, but the district court sent it back to the municipal court. As the matters alleged in the answer did not arise out of the transaction set forth in the complaint as the foundation of plaintiff's claim,—a conversion of personal property,—and were in no way connected with the subject of the action, but, if causes of action at all, were separate, distinct and independent causes of action from that alleged in this complaint, they constituted no counterclaim, and were no ground to certify the cause to the district court.

The question put in cross-examination to the witness Charles Allen, for the avowed purpose of discrediting him, was wholly immaterial, referring to a matter utterly foreign to the case. No answer he could have made to the question—and the defendant could have followed the matter no further—would have thrown any light on his credibility as a witness.

That the defendant, after the sale of the property, deposited part of the proceeds which plaintiff might, if he so chose, demand and receive, does not affect his rights in this action. Had he actually received the money, it would go in mitigation of his damages, but he was not bound to demand it, and the deposit with the justice was not equivalent to payment to and receipt by him.

This brings us to the question, was the property exempt from execution? It appears, from the description given by the witnesses, to have been a "light, open buggy with side springs," the only wagon which plaintiff had. The question of the exemption of a "buggy" was involved in *Dingman* v. *Raymond*, 27 Minn. 507. The different members of the court did not, in that case, arrive at the same con-

clusion on the question, as will appear from the opinions filed.    After reconsidering the point, we are of the opinion that what is usually called a "buggy" is within the meaning of the term "wagon," as used in the statute of exemptions.

Judgment affirmed.