L. KIMBALL *vs.* D. E. JONES.

July 19, 1889.

**Exemption.**—A light two-seated vehicle, owned and used by the debtor, *held* exempt under the statute. Following *Allen* v. *Coates,* 29 Minn. 46.

Plaintiff recovered judgment against defendant for $22.85 in a justice's court in Hennepin county. A transcript was docketed in the district court, and execution issued from that court and returned unsatisfied. In proceedings supplementary to execution the debtor disclosed that he owned a vehicle described as "a two-seated upholstered one-horse carriage, built and used for easy riding only. Said carriage has fenders over the wheels and lamps attached to the front seat, and has a canopy top decorated with fringe. The bed of said carriage is set on three springs, two behind and one in front, and the same is used by the defendant in riding to and from his work, and in conveying his family about the city and to and from church, and for the usual purposes of a family carriage, and is the only vehicle on wheels owned by the defendant." It appeared by the disclosure that

defendant is a carpenter. The plaintiff appeals from an order by *Young*, J., refusing to compel defendant to turn over the vehicle to the sheriff, to be sold to satisfy the judgment.

*R. B. Forrest*, for appellant.

*Harlan P. Roberts*, for respondent.

VANDERBURGH, J. In *Allen* v. *Coates*, 29 Minn. 46, (11 N. W. Rep. 132,) this court held a light open buggy exempt from execution under our statutes, and the rule is stated generally, without any restriction or limitation in respect to the character or style of the vehicle, or the particular uses to which it might be applied by the debtor. That case governs this. In this case the "wagon" claimed to be exempt is a light two-seated carriage, used by the debtor "in riding to and from his work." He may, however, at any time, find it for his interest to put it to other practical and useful purposes. It is manifest that, under the general language of the statute, any attempt to make the limitations insisted upon in this case in its construction would lead to much uncertainty and confusion in practice, each case depending upon its own peculiar facts, and leaving the rule doubtful and unsatisfactory.

Order affirmed.