LAWRENCE P. FARLEY, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

1. NEGLIGENCE— OBSTRUCTION IN STREET. In order to charge a municipality for an injury, happening to a third person using a street, from an unlawful obstruction placed therein by a stranger without authority, it must appear that it had notice, express or implied, of the existence of the obstruction before the accident, and that a reasonable time had elapsed, subsequent to the notice and before the injury, during which it could have abated the nuisance.

2. NOTICE. The knowledge of policemen on duty, of the unlawful practice of the owner of a truck in leaving it in the roadway at night is chargeable to the city, after the lapse of a reasonable time to enable them to communicate the information to their superiors.

3. NEW YORK CITY— CONSOLIDATION ACT, § 1932. The regulation of the speed of horses on the streets by section 1932 of the New York City Consolidation Act (L. 1882, ch. 410) has no application to the speed at which engines or hose carts connected with the fire department shall be driven when going to a fire.

4. RISK OF EMPLOYMENT. The driver of a hose cart connected with the fire department, when going to a fire, does not assume the risks of the insecurity of streets, resulting from the culpable negligence of the city.

5. QUESTION FOR THE JURY — CONTRIBUTORY NEGLIGENCE.   It is for the jury to say whether the driver of a hose cart, which collided with a truck standing in the roadway while going to a fire, was alert and watchful to avoid obstructions, or whether there was any omission on his part of reasonable circumspection and diligence which contributed to the accident.

*Farley* v. *Mayor*, etc., 9 App. Div. 536, reversed.

(Argued March 4, 1897; decided March 16, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 23, 1896, which affirmed a judgment in favor of defendant entered upon a decision of the court at a Trial Term of the Supreme Court held in and for the county of New York dismissing the complaint, and also affirmed an order denying a motion for a new trial.

This action was brought to recover damages alleged to have been caused by the negligence of defendant in allowing an obstruction to remain in the driveway of a street, in the city of New York.

The facts, so far as material, are stated in the opinion.

*Charles Steckler* for appellant.   Defendant was guilty of negligence.   (*Cohen* v. *Mayor*, etc., 113 N. Y. 535; *King* v. *Russell*, 6 East, 427; *Rex* v. *Cross*, 3 Camp. 224; *Rex* v. *Jones*, 3 Camp. 230; *People* v. *Cunningham*, 1 Den. 524; *Davis* v. *Mayor*, etc., 14 N. Y. 506; *Callanan* v. *Gilman*, 107 N. Y. 360; Dillon on Mun. Corp. § 753; *Hutson* v. *Mayor*, etc., 9 N. Y. 163; *R. W. L. Co.* v. *City of Rochester*, 3 N. Y. 463; *Diveny* v. *City of Elmira*, 51 N. Y. 506; *Hines* v. *City of Lockport*, 50 N. Y. 236; *Clemence* v. *City of Auburn*, 66 N. Y. 341.)   The defendant had notice of the obstruction on the highway which caused the injury to the plaintiff, for it had been there every day for six months.   (*Kunz* v. *City of Troy*, 104 N. Y. 344; *Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329; *Niven* v. *City of Rochester*, 76 N. Y. 620; *Todd* v. *City of Troy*, 61 N. Y. 507; *Diveny* v. *City of Elmira*, 51 N. Y. 506; *Requa* v. *City of Rochester*, 45 N. Y. 129; L. 1882,

ch. 410, §§ 324, 710 ; *Callanan* v. *Gilman*, 107 N. Y. 365.)
The plaintiff did not contribute to his injuries by driving to
the fire fast.    Darkness prevented him from seeing the obstruc-
tion.    (*McGuire* v. *Spence*, 91 N. Y. 305 ;. *Vail* v. *B. R. R.
Co.*, 147 N. Y. 377.)    The violation of a statute or ordinance
regulating the rate of speed, even if applicable to the fire
department, would not charge the plaintiff with negligence
*per se.*    The question must be left to the jury to consider
with all other facts in the case.    (*State* v. *Sheppard*, 67 N.
W. Rep. 62 ; *Crocker* v. *K. Ice Co.*, 92 N. Y. 652 ; *Knupfle*
v. *K. Ice Co.*, 84 N. Y. 488 ; *Connolly* v. *K. Ice Co.*, 114 N.
Y. 108 ; *McRickard* v. *Flint*, 114 N. Y. 222 ; *White* v.
*Wittemann L. Co.*, 131 N. Y. 631 ; *McGrath* v. *N. Y. C.
& H. R. R. R. Co.*, 63 N. Y. 531.)    The fact that plaintiff
receives a pension for disability sustained in the discharge of
his duty as a fireman is no bar to his recovery in this action.
(L. 1882, ch. 410, § 518.)    The accident was not one of the
attendant risks of plaintiff's employment.    (L. 1882, ch. 410,
§§ 444, 518, 519.)    Plaintiff's injuries were not occasioned by
the negligence of a fellow-servant.    (L. 1882, ch. 410, §§ 316,
424, 705 ; *Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160 ; *Ham* v.
*Mayor, etc.*, 70 N. Y. 459 ; *Workman* v. *Mayor, etc.*, 67 Fed.
Rep. 347 ; *Sullivan* v. *T. R. R. Co.*, 112 N. Y. 645 ; *Sven-
son* v. *A. M. S. S. Co.*, 57 N. Y. 108 ; S. & R. on Neg. 116 ;
*Smith* v. *N. Y. & H. R. R. Co.*, 19 N. Y. 132.) .

*Francis M. Scott* and *William H. Rand, Jr.*, for respond-
ent.    The evidence cannot justify the conclusion that the
defendant had constructive notice of the existence and
position of the truck.    (*Breil* v. *City of Buffalo*, 144 N. Y.
163 ; *Lyon* v. *Cambridge*, 136 Mass. 419 ; *Macomber* v.
*Taunton*, 100 Mass. 255.)    The plaintiff is clearly guilty of
contributory negligence.    (L. 1882, ch. 410, § 1932 ; *Ren-
wick* v. *N. Y. C. R. R. Co.*, 36 N. Y. 132 ; *McRickard* v.
*Flint*, 114 N. Y. 222 ; *Gorton* v. *E. R. Co.*, 45 N. Y. 660 ;
*Cordell* v. *N. Y. C. R. R. Co.*, 64 N. Y. 535, 538; 1 Rice
on Ev. 27.)    An employer cannot be held liable for injuries

received by an employee who has voluntarily assumed the risks of the employment with full knowledge of the methods employed. (*Crown* v. *Orr*, 140 N. Y. 450; *Cullen* v. *Norton*, 126 N. Y. 1; *Keenan* v. *N. Y., L. E. & W. R. R. Co.*, 145 N. Y. 190; 3 Wood on Railway Law, 1453, 1499, 1501; Cooley on Torts, 541; 1 S. & R. on Neg. § 185; Whart. on Neg. §§ 199, 214, 224; *Hough* v. *T. & P. R. Co.*, 100 U. S. 213.) A servant assumes the risk of injury from the negligence of a fellow-servant, and the master cannot be held liable therefor. (L. 1882, ch. 410, § 710; *Wanamaker* v. *City of Rochester*, 17 N. Y. Supp. 321; *Judson* v. *Vil. of Olean*, 116 N. Y. 655; *Conley* v. *City of Portland*, 3 Atl. Rep. 658; *Loughlin* v. *State of N. Y.*, 105 N. Y. 159; 3 Wood on Railway Law, § 338; 2 Thomp. on Neg. 1026; Beach on Cont. Neg. 338, § 115; *C., M. & S. P. R. Co.* v. *Ross*, 112 U. S. 377; *C. & N. W. R. Co.* v. *Moranda*, 93 Ill. 302; *Cooper* v. *Mullins*, 30 Ga. 150; *L. & N. R. Co.* v. *Collins*, 2 Duvall, 114; *N. & D. R. Co.* v. *Jones*, 9 Heisk. 27; *Randall* v. *B. & O. R. Co.*, 109 U. S. 485.)

ANDREWS, Ch. J. We think the case should have been submitted to the jury. The evidence would have authorized a finding that for several months preceding the accident the truck against which the hose cart collided had been, to the knowledge of the policemen on duty, left during the night time standing in the roadway on Broome street next to the curb, at or near the place where it was at the time of the collision, and that no report had been made by the policemen of the fact, nor any measures taken by the public authorities by notice to the owner or by proceedings to enforce the penalty given by the ordinance to remedy the nuisance. The truck was an obstruction to the street, and both at common law and by the ordinance the using of the street for the storage of the truck was an illegal act. (*Cohen* v. *Mayor, etc.*, 113 N. Y. 535; Ordinance of city of New York, art. 4, sec. 33.) It is, moreover, made the duty of the commissioner of public works, by sec-

*tion* 324 of the Consolidation Act (Laws of 1882, chap. 410), to remove or cause to be removed all unharnessed trucks found in a public street in the night time, unless there by permission of the mayor. The storing of the truck in the street was the act of the owner, without authority from the city, and the rule applies that in order to charge a municipality for an injury happening to a third person using a street therein, from an unlawful obstruction placed therein by a stranger without authority, it must appear that it had notice, express or implied, of the existence of the obstruction before the accident, and that a reasonable time had elapsed subsequent to the notice and before the injury, during which it could have abated the nuisance. Until it had received such notice, and an opportunity had been afforded in the exercise of reasonable diligence, for the city to have acted, there would be no breach on its part of the duty resting upon municipal corporations to use all reasonable care to keep the streets in a safe condition for travel. It is undoubtedly true, as a general rule, that a municipality is not called upon to anticipate infractions by third persons of the law or ordinances relating to its streets, enacted to secure their safety and an unobstructed right of passage. But in this case the custom of the owner of the truck to leave it in the street at this point during the night time had existed for several months before, and up to the time of, the accident, and was known to the patrolmen on the beat. It was not the case of an isolated trespass, which a public officer might reasonably suppose would not be repeated, but a continuous invasion of the public right, habitually indulged in and known to the public officials. They had just reason to believe that the practice would be continued unless the city authorities interfered to stop it, and what the policemen knew the city is chargeable with knowing after the lapse of a reasonable time to enable information to be communicated by them to their superiors. This is not like the case of *Breil* v. *City of Buffalo* (144 N. Y. 165), where the only possible fault charged against the city was that it failed to remove or guard a pile of earth left in the street on a single night by the

owner of adjacent property engaged in filling in his lot, of which the city had no actual notice and no constructive notice, unless the fact that the lot owner was engaged in filling in his lot with earth deposited in the street in the daytime, and which on each day, except in the one instance, was removed during the daytime, made the city liable for an injury caused by the obstruction. If the pile of earth had been suffered to remain in the street for weeks, and the city had remained inactive, a different question would have been presented.

The question of the contributory negligence of the plaintiff was one also for the jury. It is manifest that section 1932 of the Consolidation Act can have no application to the speed at which engines or hose carts connected with the fire department shall be driven when going to a fire. This section is not in the chapter regulating the fire department. By another section the vehicles of the fire department are given the "right of way" at any fire over all other vehicles except those carrying the United States mail (§ 444). The safety of property and the protection of life may and often do depend upon celerity of movement, and require that the greatest practicable speed should be permitted to the vehicles of the fire department in going to fires. Section 1932 was intended to regulate the speed of horses traveling on the streets and using them for the ordinary purposes of travel, and from the nature of the exigency cannot apply to the speed of vehicles of the fire department on their way to fires. The conduct of the plaintiff was for the consideration of the jury. He took the usual risks of an employment of a dangerous character, but he did not assume the risks of the insecurity of streets resulting from the culpable negligence of the city. He was bound in driving to exercise the care which a prudent person would ordinarily exercise under similar circumstances. It was for the jury to say whether he was alert on this occasion, watchful to avoid obstructions which might be in his path, and whether there was any omission on his part of reasonable circumspection and diligence which contributed to the accident.

Having reached the conclusion that the case was improperly withheld from the jury on the facts, both as to the negligence of the defendant and the contributory negligence of the plaintiff, the judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.