### JULIUS W. SHADEWALD v. ALONZO PHILLIPS.

June 9, 1898.

Nos. 11,172—(129).

**Amendment of Statute "So as to Read as Follows"—Repeal of Prior Act.**

Rule applied that, where an act provides that a prior statute "shall be amended so as to read as follows," the amendatory act is a substitute for the original statute, and repeals all those parts of the prior act which are omitted.

**Exemption—Bicycle—Laws 1895, c. 37—Laws 1897, c. 6—Wagon.**

Laws 1897, c. 6, repealed Laws 1895, c. 37, exempting a bicycle. A bicycle is not a "wagon," within the meaning of the exemption.

Appeal by plaintiff from an order of the district court for Hen-

nepin county, Elliott, J., sustaining a demurrer to the complaint. Reversed.

*James Robertson*, for appellant.

*E. R. Lynch*, for respondent.

MITCHELL, J.

This action was brought against the defendant, as sheriff, to recover damages by reason of his neglect and refusal to levy, under an execution in favor of the plaintiff and against the property of his judgment debtor, upon a bicycle owned by the latter. The appeal is from an order sustaining a demurrer to the complaint on the ground that it did not state a cause of action. Both parties agree in stating that the only question in the case is whether Laws 1897, c. 6, repealed Laws 1895, c. 37. Both of these acts were amendments to G. S. 1878, c. 66, § 310, subd. 9 (see G. S. 1894, § 5459). Section 310 (section 5459), so far as here material, reads as follows:

"No property hereinafter mentioned or represented shall be liable to attachment, or sale on any final process, issued from any court in this state. * * * Ninth. One sewing machine."

The act of 1895 provided that section 310 (section 5459) should be amended by adding to the ninth subdivision the following words, to wit, "and one bicycle." Hence it would then read "one sewing machine and one bicycle." The act of 1897 provided that the ninth subdivision of section 310 should be amended so as to read as follows: "Ninth. One sewing machine and one typewriting machine." After this statement, argument or discussion would seem unnecessary. After the passage of the act of 1895, the only section 310 in existence was as amended, and this was the only one to which the subsequent act of 1897 could apply.

When an act is passed providing that a prior statute shall be amended "so as to read as follows" it is elementary that the statute as amended is a substitute for the original, and repeals those parts of the former law which are left out of the substitute. Sutherland, St. Const. § 137; St. Paul, M. & M. Ry. Co. v. Broulette, 65 Minn. 367, 67 N. W. 1010. The error into which defendant's counsel has fallen is in assuming that the original section 310, c. 66, G. S. 1878,

and the amendment of 1895 remained separate and independent statutes, and that the amendment of 1897 refers to or affects only the former, but leaves the latter in full force. We have found that it is not uncommon for the legislature by amendatory acts unintentionally to effect a repeal by looking at the General Statutes and overlooking subsequent amendments.

At the close of his brief, counsel for the defendant suggests that a bicycle is exempt under another subdivision of section 310 which exempts "one wagon, cart or dray," and cites Allen v. Coates, 29 Minn. 46, 11 N. W. 132, and Kimball v. Jones, 41 Minn. 318, 43 N. W. 74, in the former of which we held that a light open buggy with side springs, and in the latter that a two-seated upholstered carriage built for easy riding, and suited only for use as a family carriage, were "wagons," within the meaning of the statute. We have always held that exemption laws should be construed with reasonable liberality in favor of the debtor, but we have gone far enough in that direction in holding that vehicles of the kinds referred to were exempt as "wagons," and must draw the line at bicycles.

Order reversed.