LEANDER HUBERT v. FRED E. GRANZOW AND ANOTHER.[1]

December 17, 1915.

Nos. 19,421—(90).

**Fire apparatus — freedom from speed restrictions.**

1. The fire apparatus of a city, while on its way to a fire, is excepted from the speed restrictions imposed by the motor-vehicle act, although the fire be outside the city limits.

**Same — charge to jury.**

2. An instruction to the effect that firemen on their way to a fire outside the city were subject to the speed restrictions imposed by that act was error.

**Evidence.**

3. The testimony of a fireman that he was proceeding to a fire pursuant to instructions received by telephone from the operator at headquarters was competent to prove such fact.

Action in the district court for St. Louis county by the special administrator of the estate of Alida Hubert, deceased, to recover $5,000 for the death of his intestate. Among other matters the answer alleged that, at the time specified in the complaint, defendants were in the employ of the city of Duluth as members of its fire department and at the time of the accident they were acting in the scope of their employment as firemen for that city and were then driving an automobile belonging to the city and were on their way to a fire to which they had been duly summoned. The case was tried before Ensign, J., who when

[1]Reported in 154 N. W. 204.

plaintiff rested denied defendants' motions to dismiss the action, and a jury which returned a verdict for $725. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*Henry F. Greene* and *John E. Samuelson,* for appellants.
*Andrew Nelson,* for respondent.

TAYLOR, C.

The defendants are members of the fire department of the city of Duluth. Defendant Granzow is first assistant chief of this department, and is furnished an automobile by the city for use in performing his duties as such officer. Defendant Black is the driver of this machine, and is subject to the orders of Granzow. On May 18, 1914, the machine carrying Granzow and driven by Black, while proceeding east along West Third street in the city of Duluth, struck and killed Alida Hubert, the four-year old daughter of plaintiff, at a street crossing. Plaintiff as administrator of his daughter's estate brought suit against both Granzow and Black, and recovered a verdict. The defendants made an alternative motion for judgment notwithstanding the verdict or for a new trial, and appealed from the denial of this motion.

The negligence charged was excessive speed; failure to give proper warning of the approach of the machine; failure to have it under control at the street crossing, and failure to exercise proper care to avert the collision after it became imminent. The defendants denied any negligence on their part, and asserted that, in the performance of their official duties, they were proceeding carefully and at a reasonable rate of speed to a fire to which they had been summoned.

The error urged upon this appeal is the giving to the jury of the following instructions requested by plaintiff: "If you find [from the evidence] that this accident occurred in a closely built up portion of the city of Duluth, and that defendants were not responding to an alarm of fire *in said city,* then it was not lawful for the defendants to propel their automobile at a higher rate of speed than ten miles an hour, and if they exceeded such rate of speed for a distance of one-eighth of a mile or more, such rate of speed is *prima facie* evidence that the defendants were operating such motor vehicle at a rate of speed

greater than was reasonable and proper, and so as to endanger the life and limb of persons who might be on the thoroughfare in question.

"If you find from the evidence that the accident here in question occurred in a residence portion of the city of Duluth, and that defendants were not responding to an alarm of fire *in said city,* then it was not lawful for the defendants to propel their automobile at a higher rate of speed than fifteen miles an hour, and if they exceeded such rate of speed for a distance of one-eighth of a mile or more, such rate of speed is *prima facie* evidence that the defendants were operating such motor vehicle at a rate of speed greater than was reasonable and proper, and so as to endanger the life and limb of persons who might be on the thoroughfare in question."

It is conceded that defendants exceeded the speed limits above prescribed, and that the fire in question was outside the city of Duluth. The above instructions embody provisions of the motor vehicle law, but that law expressly excepts "fire wagons and engines" from such restrictions. G. S. 1913, § 2619.

It is the general and perhaps universal rule that regulations governing the rate of speed upon public streets and highways do not apply to fire apparatus on the way to a fire. State v. Sheppard, 64 Minn. 287, 67 N. W. 62, 36 L.R.A. 305; Warren v. Mendenhall, 77 Minn. 145, 79 N. W. 661; Farley v. Mayor, 152 N. Y. 222, 46 N. E. 506, 57 Am. St. 511; City of Kansas City v. McDonald, 60 Kan. 481, 57 Pac. 123, 45 L.R.A. 429. Plaintiff does not contend that the rules stated in the above instructions would apply to defendants, if they had been responding to an alarm of fire within the city of Duluth. But the fire in question was outside the city limits, and plaintiff contends that the city fire department is not required to go to fires outside the city; that, if they do so, the wagons and engines used for such purpose cease to be "fire wagons" and "fire engines," within the meaning of the motor-vehicle act, while so employed, and that the rules prescribed by that act applied to defendants for that reason.

It is probably true that no legal duty is imposed upon a city fire department to assist in extinguishing fires outside the city, but it is a matter of common knowledge that such departments almost invariably respond when called upon in such cases. Actuated by motives of hu-

manity rather than by the mandate of strict legal duty, they seldom refuse to give their services to their neighbors in case of need. While the law may not impose a legal duty upon them to assist in extinguishing fires outside the city, it certainly does not forbid them from doing so.

If they respond to a call without the city, the same need for haste exists as when they respond to a call within the city; and for the same reasons they should not be required to observe the speed regulations in the one case more than in the other, unless the law expressly so provides. The statute in question contains no such provision. On the contrary, it expressly excepts "fire wagons and engines" from the vehicles to which it applies, and this exception is absolute and unconditional. If defendants had been using the machine solely for their own personal purposes, and not for the purpose of conveying themselves to a fire, it may be that the provisions of the statute would apply, but that question is not before us. Under the evidence in this case, the giving of the instructions complained of was clearly error. They were based, upon the conceded fact that the fire was outside the city. The attention of the jury having been called to that fact and to the fact that the fire department was maintained for the benefit of the city and was not required to aid in subduing fires outside the city, it cannot be held that the error was cured by a subsequent statement that "those driving fire wagons in answer to an alarm of fire need not abide by the regulations of the statute in regard to speed, but may drive with all possible dispatch consistent with safety of life and limb of the firemen and of the public using the streets." That this statement did not cure the error is obvious in view of the fact that the jury were told specifically that the rule first given applied to defendants in case they "were not responding to an alarm of fire *in said city,*" and were nowhere told specifically that the rule last given would apply to defendants in case they were responding to an alarm of fire outside the city. The jury might naturally infer that the last rule applied only where the fire was within the city.

Plaintiff questions the sufficiency of the evidence to establish that defendants were responding to an alarm of fire. Granzow testified that he was proceeding to the fire pursuant to instructions received by him over the telephone from the operator at headquarters. We cannot

concur in plaintiff's contention to the effect that this testimony was not admissible without the production of the operator or the official record kept of such calls. Firemen necessarily act upon such orders and are justified in doing so. Plaintiff made no attempt to show that the order had not in fact been given, and the testimony of Granzow was competent to show that he had received it and was acting upon it.

For the error in the instructions, a new trial must be granted.

Order reversed.