[No. 15692.  Department Two.  March 19, 1920.]

## STATE OF WASHINGTON, *Respondent*, v.

## C. GORHAM, *Appellant*.[1]

MUNICIPAL CORPORATIONS (381)—STREETS—USE—RATE OF SPEED—
ORDINANCES—APPLICATION TO PEACE OFFICERS.  Ordinances regulating
the speed of motor vehicles in cities have no application to, and
cannot be enforced against, peace officers in pursuit of criminals.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered September 6, 1919,
upon a trial and conviction of violating municipal speed
ordinances.  Reversed.

*Joseph B. Lindsley* and *Fred J. Cunningham*, for appellant.

*C. C. Upton*, for respondent.

FULLERTON, J.—The appellant was convicted of a
violation of the speed ordinances of the city of Hilliard.
The facts are stipulated, and are in substance these:

The city named lies within, and forms a part of, the
county of Spokane.  The appellant is a duly appointed,
qualified and acting deputy sheriff of such county.  On
June 3, 1919, a charge of grand larceny was preferred
against one William Agnew, and a warrant issued for
his arrest.  This warrant was given to the appellant for
execution.  The specific charge was the larceny of an
automobile, and on inquiry the appellant was informed
by a police officer of the city of Spokane that the ac-
cused had been seen on that day on the down town
streets of the city driving an automobile bearing the
license number. of the stolen automobile.  Upon further
inquiry, the officer found a young man who knew the
accused, and who stated to the officer that he had seen  .

[1]Reported in 188 Pac. 457.

the accused only a few moments before that time driving an automobile ''at a good rate of speed'' toward the city of Hilliard, on the main highway leading from the city of Spokane to that city. The officer immediately took up the pursuit of the accused on a motorcycle, and in passing through the city of Hilliard rode the motorcycle at a greater rate of speed than its ordinances permitted.

In this court, the appellant makes two principal contentions; first, that the ordinances which the appellant is accused of violating are invalid because in conflict with the statutes of the state; and second, that a sheriff is exempt from the operation of city ordinances regulating the speed at which a motor vehicle may be driven when he is in the pursuit of a person accused of felony for whose arrest he has a warrant. The conclusion we have reached on the second contention makes it unnecessary to discuss the first.

The sheriff is made, by statute, the chief executive officer and conservator of the peace of the county. By statute, also, it is made his duty to keep the public peace, and to arrest and confine all persons who commit violations of the law, and especially is it made his duty to execute all process issued to him by a court of justice. His duties in these respects are public duties necessary to the safety of the state and its people, and necessary for the preservation of public and private property. In the performance of these duties, the sheriff has many privileges not accorded to a private individual, and statutes and ordinances directed against the individual do not generally apply to him when so performing them, especially where their enforcement would hamper and hinder performance.

That the enforcement against a peace officer of statutory or ordinance provisions limiting the speed at which a motor propelled vehicle shall be driven over a

public highway would have a tendency to hamper him in the performance of his official duties, can hardly be doubted. The case in hand affords an illustration. Here the felon was fleeing with a stolen automobile. Naturally he would pay but little regard to the minor offense of exceeding the speed limit. And if the sheriff must confine himself to that limit, pursuit in the manner adopted would have been useless, since the felon could not have been overtaken. The rule contended for would also hinder the public peace officers in enforcing the statutes regulating traffic upon the state highways. These statutes contain somewhat stringent regulations as to the speed a motor propelled vehicle may be driven over them, and contain no exception in favor of the peace officers whose duty it is made to enforce them. If these officers may not pursue and overtake one violating the regulations without themselves becoming amenable to the penalties imposed by them, the old remedy of hue and cry is not available in such instances, and many offenders who are now brought to answer will escape.

It is not meant to be asserted, of course, that there are no restrictions upon the speed a sheriff or a peace officer may travel in the pursuit of a fleeing criminal. Such officers may abuse their privileges in this respect as well as in others and must answer for such abuse. What is meant to be said is that the statutory regulations as to speed do not apply to them, and that for an abuse of their privileges in this respect they must answer in the manner they are required to answer for other abuses of privilege.

The diligence of counsel has not brought to our attention any case where the precise question presented has been determined. Courts generally hold, however, in the somewhat analogous instance of a fire department responding to an alarm of fire, that ordinances

regulating the limit of speed which a vehicle may be driven over the streets are inapplicable. *Farley v. City of New York,* 152 N. Y. 222, 46 N. E. 506, 57 Am. St. 511; *Hubert v. Granzow,* 131 Minn. 361, 155 N. W. 204, Ann. Cas. 1917D 563; *Kansas City v. McDonald,* 60 Kan. 481, 57 Pac. 123, 45 L. R. A. 429; *Devine v. Chicago,* 172 Ill. App. 246.

In *State v. Burton,* 41 R. I. 303, 103 Atl. 962, it was held that a member of the United States Naval Reserve Force, on duty as a dispatch driver, was not amenable to the speed laws of the state while on his way to deliver a message at the command of his superior officer which that officer deemed urgent. The case was rested on principle of public necessity, and in this sense is applicable to the question presented here.

A contrary case is *Keevil v. Ponsford* (Tex. Civ. App.), 173 S. W. 518.

Our conclusion is that the trial court erred in adjudging the officer guilty of the offense charged. Its judgment will therefore be reversed, and the cause remanded with instruction to discharge the appellant.

HOLCOMB, C. J., TOLMAN, BRIDGES, and MOUNT, JJ., concur.