## OSCAR EDBERG v. J. A. JOHNSON.[1]

### July 8, 1921.

### No. 22,330.

**Motorcycle policeman not chargeable with negligence.**

1. A policeman is not chargeable with a violation of the Motor Vehicle Act solely because, while pursuing a law breaker to place him under arrest, he operates a motorcycle in a manner prohibited by the act.

**Statute — construction of legislative intent to avoid absurdity.**

2. The intent of the legislature determines the interpretation of a statute, though it seems contrary to the letter of the statute. A construction should be avoided which would result in inconvenience or absurdity.

**Police patrol wagons — motorcycles.**

3. The words "police patrol wagons," as used in section 2619, G. S. 1913, include motorcycles when operated by policemen in patrolling streets and highways.

**Care required of peace officer in performance of official duty.**

4. A peace officer, in pursuit of a law breaker, is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances.

Action in the municipal court of Duluth to recover $500. The facts are given in the opinion. The case was tried before Funck, J., who when plaintiff rested denied defendant's motion to dismiss, and a jury which returned a verdict for $400. Defendant's motion for judgment notwith-

[1]Reported in 184 N. W. 12.

standing the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict defendant appealed to the district court for that county. The appeal was heard by Cant, Dancer and Fesler, JJ., who reversed the judgment and remanded the case for a new trial. From the order reversing the judgment and remanding the case, plaintiff appealed. Affirmed.

*Andrew Nelson* and *John Cedergren,* for appellant.
*John B. Richards* and *Bert W. Forbes,* for respondent.

LEES, C.

Plaintiff was struck by a motorcycle operated by defendant and brought this action in the Duluth municipal court for damages for injuries to his person. He recovered a verdict, and from the judgment entered thereon an appeal was taken to the district court, where the judgment was reversed and the case remanded for a new trial. Plaintiff appealed from the order of the district court.

At the time of the accident, plaintiff was a Duluth traffic policeman, and, mounted on the motorcycle, was pursuing the driver of an automobile, who was exceeding the speed limit. In trying to overtake the offender to put him under arrest, the officer drove faster than the statute permits. Plaintiff was crossing the street and was within a few feet of the curb when the automobile passed behind him. Defendant attempted to come alongside the automobile by running to the right of it. Plaintiff was unaware of the approach of the motorcycle before he was struck. No signals were given and it carried no light. It was dusk, the hour being about 8:30 p. m.

The trial court instructed the jury in substance that the motor-vehicle act was applicable to such a case, and, if defendant disregarded the speed regulations of the act, he was presumptively guilty of negligence. In reversing the judgment, the judges of the district court of St. Louis county, before whom the appeal was heard, expressed their opinion as follows: "A policeman, operating a motorcycle in the performance of his duties as a policeman, is not chargeable with violation of the motor vehicle act. Sections 2619-2648, G. S. 1913. In such a case a motorcycle should be held to be a police patrol wagon. * * * A 'speeder' can-

not be arrested ordinarily without 'speeding' by the officer making the arrest."

Our views coincide with theirs. It would be an affront to the intelligence of the legislature to hold that, in enacting a statute designed to suppress "speeding," it intended to restrict peace officers to the prescribed speed limits when in pursuit of violators of the statute.

In Hubert v. Granzow, 131 Minn. 361, 155 N. W. 204, Ann. Cas. 1917D, 563, this court held that, as a general rule, regulations governing the rate of speed on public streets do not apply to fire apparatus on the way to a fire. The reasons for the rule were suggested in State v. Sheppard, 64 Minn. 287, 67 N. W. 62, 36 L.R.A. 305, and Warren v. Mendenhall, 77 Minn. 145, 79 N. W. 661. The same reasons apply with equal force to vehicles used by police officers. An officer so engaged is performing a public duty. He cannot successfully perform it, unless he is accorded privileges not possessed by private citizens. He would be seriously hampered if statutory provisions limiting the speed of motor vehicles applied to him while in pursuit of a fleeing criminal. For reasons of public policy, at least one court has felt free to hold that such provisions have no application, even though the statute contained no exceptions in favor of peace officers. State v. Gorham, 110 Wash. 330, 188 Pac. 457. In another jurisdiction, a contrary view was expressed. Keevil v. Ponsford (Tex. Civ. App.) 173 S. W. 518, and in still another it was held that, in case of military necessity, a statute limiting the speed of motor vehicles should be held inapplicable. State v. Burton, 41 R. I. 303, 103 Atl. 962, L.R.A. 1918F, 559. Plaintiff contends that the language of our statute forbids the adoption of the rule stated in State v. Gorham, supra. The statute reads thus: "The term 'motor-vehicle' as used in this act, except where otherwise expressly provided, shall include all vehicles propelled by any other than muscular power, except traction engines, road rollers, fire wagons and engines, police patrol wagons, ambulances, and such other vehicles as run only upon rails or tracks." G. S. 1913, § 2619.

The contention is that the language employed, limits police officers to the use of patrol wagons whenever, in the discharge of their duties, it becomes necessary to exceed the prescribed speed limits and that a motorcycle is not a patrol wagon. We are not impressed by the argument

advanced to support this contention. The statute is not worded as explicitly as it might have been to express the intent the legislature undoubtedly had in mind. Strictly speaking, a motorcycle, operated by a policeman patrolling the streets, is not a police patrol wagon. If the letter of the statute rather than its spirit is to control in its interpretation, the municipal court was right and the district court was wrong. The appliable rules of construction are too well known to justify more than a mere reference to them. The intent of the legislature controls, though it seems contrary to the letter of the statute, and a construction should be avoided which would result in inconvenience or absurdity. 3 Dunnell, Minn. Dig. § 8947. To propel a motor-vehicle at an unlawful rate of speed is a misdemeanor. When the penal code was enacted, the following provision was inserted therein: "The rule that a penal statute is to be strictly construed does not apply to this code or any of the provisions thereof, but all such provisions must be construed, according to the fair import of their terms, to promote justice and effect the objects of the law." Penal Code, § 9, in substance now found in section 8468, G. S. 1913.

To secure the safety of the public is one of the principal objects of the statute. A criminal, seeking to get away from the scene of his crime, commonly travels in an automobile driven at a high rate of speed. There are reckless drivers of automobiles who pay no attention to the speed laws. Both classes of offenders must be overtaken by the officers of the law, if they are to be placed under arrest. As an aid to officers on patrol duty no vehicle more serviceable than the motorcycle has as yet been invented. Of course it is possible for such officers to use automobiles instead of motorcycles, but their use would be equally if not more dangerous to others if driven at a high rate of speed.

Whether the words "police patrol wagons," as used in this statute, include motorcycles, may be open to argument. This court has held, construing the exemption statutes, that a buggy is a wagon, Allen v. Coates, 29 Minn. 46, 11 N. W. 132; that a carriage is a wagon, Kimball v. Jones, 41 Minn. 318, 43 N. W. 74, and that a bicycle is not a wagon, Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717. Other courts have held that the word "wagon" is a generic term and includes almost any vehicle, whether used for the transportation of persons or

property. Luce v. Hassam, 76 Vt. 450, 58 Atl. 725; Fifth Ave. Coach Co. v. City of New York, 58 Misc. 401, 111 N. Y. Supp. 759-776; 4 Words & Phrases, 1221 (2d Ser.)

Taking into consideration the objects sought to be attained by the statute, the general use of motorcycles in patrolling streets and highways when the statute was enacted, as well as at the present time, and the evident purpose of the legislature to except from the operation of the statute vehicles employed as instrumentalities of municipal fire and police departments, we hold that motorcycles so employed come within the exceptions made by the statute.

We do not hold that an officer, when in pursuit of a law breaker, is under no obligation to exercise a reasonable degree of care to avoid injury to others who may be on the public roads and streets. What we do hold is that, when so engaged, he is not to be deemed negligent merely because he fails to observe the requirements of the motor-vehicle act. His conduct is to be examined and tested by another standard. He is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances. Order affirmed.