

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 15, 1948

Hon. Homer Garrison, Jr., Director
Department of Public Safety
Austin, Texas          Opinion No. V-580.

                        Re:  Interpretation of Article 1,
                             Subdivision 1, Section 2 (d),
                             of the Uniform Act Regulating
Dear Sir:                    Traffic on Highways.

          You have requested of this office an interpretation
of Article 1, Subdivision 1, Section 2 (d) of the Uniform Act
Regulating Traffic on Highways, which reads as follows:

          "Authorized Emergency Vehicles.  Vehicles of
     the fire department (fire patrol), police vehicles,
     and such ambulances and emergency vehicles of munic-
     ipal departments or public service corporations as
     are designated or authorized by the police commis-
     sioner or the chief of police of an incorporated
     city."

          Before a consideration of the specific questions are
undertaken, it should be specifically pointed out that that por-
tion of the above article insofar as it applies to public serv-
ice corporations is unconstitutional.  In the case of Walsh v.
Dallas Railway and Terminal Company, 167 S.W.2d 1018, the very
same language was in question in the form of a city ordinance of
the City of Dallas.  In placing his interpretation upon the or-
dinance, Chief Justice Alexander said:

          "It will be noted, however, that while the or-
     dinance attempts to grant permission to the chief
     of police to designate what vehicles shall have the
     privilege of an 'authorized emergency vehicle', and
     thus be exempted from many of the provisions of the
     ordinances regulating others, it sets up no stand-
     ard by which the chief of police is to be guided in
     making such a designation.  It is left to his unbrid-
     led discretion to say to whom the law shall be appli-
     cable, and to whom it shall not be applicable.  For
     that reason, Section 1 of said ordinance, insofar as
     it applies to public service corporations to be des-
     ignated by the chief of police is invalid.  Crossman

v. City of Galveston, 112 Tex. 303, 247 S.W. 810,
Spann v. City of Dallas, 111 Tex. 350, 235 S.W.
513; Continental Oil Co. v. City of Wichita Falls,
Tex.Com.App., 42 S.W. (2d) 236; 30 Tex.Jur. 117,
n. 18; 37 Am.Jur., page 778, Sec. 160; annotations
in 54 A.L.R. 1104."

There can be no doubt but that the reasons invalidating the city ordinance in turn invalidate that portion of the act herein in question. Under its saving clause, however, the remaining portion of the section under consideration is constitutional; and all questions here answered are viewed in light of this interpretation.

(1) Are vehicles which are recognized as police vehicles required to be designated as authorized emergency vehicles in order to make emergency runs under the state highway laws?

(2) Are automobiles operated by the United States Immigration Border Patrol recognized as or considered to be police vehicles?

(3) If automobiles operated by the United States Immigration Border Patrol are recognized as police vehicles under the state law, would they still be required to be designated as authorized emergency vehicles by a police commissioner or a chief of police in order to make emergency runs within the limits of an incorporated city?

Question 1 is answered in the negative. The clear import of the statute is that authorized emergency vehicles include police vehicles. Had the Legislature intended that the Police Commissioner or Chief of Police place his authorization upon police vehicles, it would have so declared. As the statute now reads, the authorization and designation are applicable only to ambulances and emergency vehicles of municipal departments. By the same token, it is inconceivable that our State Legislature intended only State and local peace officers to enjoy this special sanction in attempting to keep the peace and enforce the law of the land. For State or local authorities to interfere with the Federal arm of justice would be to override a principle regarded as established since McCulloch v. Maryland, 17 U.S. 316. By any standard, Federal law enforcement officers operate police vehicles and, as in question 1, local authorization is not

required since the statute declares the authorization to exist. Therefore, question 2 is answered in the affirmative and question 3 in the negative.

> (4) What is a police vehicle within the meaning of the Uniform Act Regulating Traffic on Highways?

In the absence of a statutory definition as to what is a police vehicle, we must look to the intent of the Legislature to arrive at a proper understanding of the term. In this regard, it is reasonable to suppose that the intent of the Legislature was that a police vehicle should include any official vehicle used to discharge functions vitally connected with public safety. It cannot be conceived that the Legislature intended solely those vehicles used in enforcing traffic laws. City of Rochester v. Lindner, 4 N.Y.S. (2d) 4; State v. Gorham, 188 P. 457; Edberg v. Johnson, 184 N.W. 12. On the other hand, official necessity is not to be mistaken for personal privilege, nor authority for impeccability. The true test seems to be public safety or other matter of vital importance to the public. Title and ownership to the vehicles are, of course, evidentiary.

> (5) What is a vehicle of the fire department or fire patrol vehicle within the meaning of the Uniform Act Regulating Traffic?

The common meaning of the wording of the statute can have *no* other interpretation than that the vehicle must belong to the fire department or be under its control. Title and ownership, perhaps, are not absolutely necessary; but, the element of absolute control is essential.

> (6) Is every police vehicle and fire department or fire patrol vehicle an "authorized emergency vehicle" within the meaning of the Uniform Act Regulating Traffic without being so designated by the Police Commissioner or Chief of Police?

Question 6 is answered by question 1 insofar as it pertains to police vehicles. And, in addition, the same reasoning would apply to vehicles of the fire department, in that, the statute in question does not require an act of designation by the Police Commissioner or Chief of Police.

> (7) Would a private vehicle used by a volunteer fireman be a vehicle of a fire department within the meaning of the Uniform Act Regulating Traffic?

Question 7 is answered in the negative by the answer to question 5. These vehicles do not belong to the fire department and are not under its control.

>     (8) If you have answered question number 7
>         in the negative, could it be made one
>         by being so designated by the police
>         commissioner or the chief of police?

The statute reads that the Chief of Police or the Police Commissioner can designate as an authorized emergency vehicle only those ambulances and emergency vehicles that belong to a municipal department. It follows, therefore, that such officials cannot make a privately owned vehicle an authorized emergency vehicle. Walsh v. Dallas Railway and Termincal Company, supra.

>     (9) Is a privately owned ambulance, such as
>         is ordinarily owned and operated by an
>         individual funeral home, an "authorized
>         emergency vehicle", and is it necessary
>         that such ambulance be designated an "au-
>         thorized emergency vehicle" by the police
>         commissioner or the chief of police?
>
>     (10) What is a public service corporation with-
>          in the meaning of the Uniform Act Regulat-
>          ing Traffic?

These questions have been answered previously, following the case of Walsh v. Dallas Railway and Terminal Company. As to these vehicles, the statute is unconstitutional, and hence inapplicable.

>     (11) When a vehicle has been legally designated
>          an authorized emergency vehicle by the po-
>          lice commissioner or the chief of police,
>          does such vehicle continue to be an author-
>          ized emergency vehicle when operated beyond
>          the limits of a corporate city or town of
>          the police commissioner or chief of police
>          making the designation?

The statute, of course, does not set out the limits wherein an authorized emergency vehicle may operate. The purpose of the Legislature was to define what was "an authorized emergency vehicle." Following such official act of designation, the vehicle remains in such status, dependent, of course, upon its use. The Legislature did not intend that an ambulance acting in

an emergency should be stripped of its classification as it passed the city limits. The statute is the standard for defining what is an "authorized emergency vehicle", and such designation is not limited to the limits of a corporate city.

## SUMMARY

Article 1, Subdivision 1, Section 2 (d), of the Uniform Highway Act insofar as it pertains to public service corporations is unconstitutional. Police vehicles are determined by their use, and vehicles of the fire department must be under the control of such department to be classified as authorized emergency vehicles. No act of the Police Commissioner or Chief of Police is required for such classification. The same is true of police vehicles operated by Federal law enforcement officers since the authorization is declared to exist by operation of the statute. The classification conferred upon vehicles of municipal departments is not limited to the limits of a corporate city.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    /s/ Joe H. Reynolds
      Joe H. Reynolds
      Assistant

APPROVED:

/s/ Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL.

JHR:jmc:erc:jmc:pwb