## C. F. E. PETERSON AND ANOTHER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

March 25, 1948.

No. 34,531.

[1]Reported in 31 N. W. (2d) 905.

*John F. Dulebohn* and *Lawrence O. Larson,* for appellant.
*Kelly, Mangan & Kelly,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying defendant's motion for a new trial.

Plaintiffs, C. F. E. Peterson and Emily G. Peterson, husband and wife, as joint owners of a 1941 four-door Ford sedan, brought this action against defendant to recover damages to their automobile and special damages arising out of a collision between their automobile and defendant's streetcars.

While there is a conflict in the evidence as to just how the collision occurred, it is undisputed that immediately prior to the accident on the evening of February 19, 1946, plaintiff Emily G. Peterson and defendant, through its authorized employe, were operating their respective vehicles in a generally southerly direction on Hennepin avenue between Lake street and Thirty-first street south in Minneapolis and that the collision occurred a short distance south of Lake street on Hennepin avenue. It is also undisputed that after the southbound streetcar and plaintiffs' automobile had collided the automobile collided with a northbound streetcar when the automobile was either pushed or swerved to the left in such a manner as to put it in the path of the oncoming northbound streetcar. There is a dispute in the evidence as to whether the automobile had passed the

southbound streetcar between Lake and Thirty-first streets on Hennepin avenue and had proceeded on ahead only to be overtaken by the southbound streetcar and struck, or whether the automobile attempted to pass the southbound streetcar south of Lake street on Hennepin avenue and, in trying to cut to the left to avoid parked cars along the right side of Hennepin avenue, was caught by the southbound streetcar from behind and swung around to the left, where it was hit by the approaching northbound streetcar.

Plaintiff Emily G. Peterson, the driver of the automobile, claimed that the first she knew of the accident was when she felt her automobile being pushed ahead after she had passed the streetcar at Lake street. Her testimony was substantially corroborated by Mrs. Mary E. Rademacher, a passenger in the Peterson automobile. Mrs. Mabel H. Wagner, who was also riding with Mrs. Peterson, testified that the first she knew about the accident was when she heard Mrs. Peterson say that something was pushing her when the automobile was "two or three car lengths" from Lake street.

"Q. And after she said that, did the automobile continue to go on up the street for a distance?

"A. Well, after she said that, as I remember, I thought she started to go left and threw us up over the cowcatcher of the car."

Henry C. London, plaintiffs' witness, testified that he was a passenger on the southbound streetcar at the time of the accident, and that while he was making an inquiry from the motorman he saw the Peterson car being driven alongside the streetcar. He said that part of the automobile was fastened to the streetcar. He claims that he said to the motorman, "Can't you stop it?" and that the motorman replied, "How can I?" He estimated that the streetcar pushed the automobile about 30 or 40 feet. He said that the driver of the Peterson car pulled "on in ahead" of the streetcar. Norris Ellwanger, the motorman of the southbound streetcar, testified that plaintiffs' automobile was never ahead of his car prior to the happening of the accident and that the accident happened when Mrs. Peterson attempted to pass the streetcar on the right and, in so doing, turned to her left before she had cleared the streetcar. He denied that he

saw Mr. London or that he had any conversation with him before the collision.

The jury returned a verdict for plaintiffs.

1. The question involved, as submitted by defendant in its brief, is whether the court erred in denying defendant's motion for a new trial on the ground that the court erred in its instruction to the jury as to M. S. A. 169.18, subd. 3 (10), which provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway;"

The instruction, with regard to the question of negligence, was as follows:

"* * * We have a statute bearing upon that question that reads as follows: The driver of a motor vehicle, that includes a street-car, shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway. A failure to observe that statutory provision is prima facie evidence of negligence."

Defendant assigns as error that the court erred in denying its motion for a new trial on the grounds (1) of errors of law occurring at the trial and duly excepted to; (2) that the verdict is contrary to law and the evidence; and (3) that the court erred in instructing the jury as to § 169.18, subd. 3 (10). Defendant's argument is directed to only one point, namely, that it was error and prejudicial for the court, under the facts in this case, to charge the jury in accordance with the provisions of this statute.

M. S. A. 169.01, subd. 3, defines a motor vehicle as "Every vehicle which is self-propelled and not deriving its power from overhead wires." It appears clear that defendant's streetcar, deriving its power from overhead wires, does not come within the purview of § 169.01, subd. 3, and that it was error for the court, in explaining the statute, to instruct that it included a streetcar. However, this

court did say in Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 536, 16 N. W. (2d) 758, 761:

"* * * That defendant's vehicle was a streetcar instead of a motor vehicle, as in the cited cases, would not absolve the motorman from the common-law duty to exercise due care with respect to other traffic."

As a general rule, error in a charge is ground for a new trial unless it is clear from a consideration of the charge as a whole that the jury was not misled. 5 Dunnell, Dig. & Supp. § 7165.

The real issue in this case, then, is whether the jury was misled by the court's instruction, in the terms of the statute, which did not apply, on the issue of the degree of care required of plaintiffs. This involves an analysis of the degree of care required of the operator of defendant's streetcar under the common law even though there was no statute in effect. The disputed fact situation, which we have repeatedly held must be considered in the light most favorable to the verdict, presented questions of negligence and contributory negligence for the jury, which found for plaintiffs. Negligence is a departure from a standard of conduct required by the law for the protection of others against unreasonable risk or harm—a breach of a legal duty. The standard may be one set by the common law, as, for example, the well-known standard of the reasonable man of ordinary prudence, or it may be established by the legislature by statute. This distinction was clearly explained by Mr. Justice Mitchell in the early case of Osborne v. McMasters, 40 Minn. 103, 105, 41 N. W. 543, 12 A. S. R. 698, when he said:

"* * * Negligence is the breach of legal duty. It is immaterial whether the duty is one imposed by the rule of common law requiring the exercise of ordinary care not to injure another, or is imposed by a statute designed for the protection of others. * * * The only difference is that in the one case the measure of legal duty is to be determined upon common-law principles, while in the other the statute fixes it, so that the violation of the statute constitutes conclusive evidence of negligence, or, in other words, negligence *per se*.

\* \* \* All that the statute does is to establish a fixed standard by which the fact of negligence may be determined."

See, also, 32 Minn. L. Rev. 110. 4 Dunnell, Dig. § 6969, in defining the rule of negligence for instructions to a jury, states:

"Negligence is a failure to exercise the care required by the law under the circumstances—in short, the want of due care. \* \* \* In ordinary cases, the best definition of negligence for a jury is, 'the failure to exercise such care as persons of ordinary prudence usually exercise under similar circumstances.' "

Assuming, then, that the statute under which the trial court instructed the jury did not apply, what was the degree of care required of defendant's motorman apart from the statute under the common law? As stated in Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758, *supra,* even though the vehicle was a streetcar instead of a motor vehicle, the common-law duty to exercise due care with respect to other traffic would still apply. Since the highway traffic regulation act does not purport to be exclusive, it follows that the common-law obligation to exercise due care in the operation of its streetcars is required of defendant.

We quote from Cardell v. Tennessee Elec. Power Co. (5 Cir.) 79 F. (2d) 934, 936, in Nees v. Minneapolis St. Ry. Co. 218 Minn. 536, 16 N. W. (2d) 762:

"The reciprocal duties of the operator of a leading vehicle and the operator of a vehicle to its rear, simply stated, are these:

" '\* \* \* A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him. Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must

in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.' "

It appears to us that the language of § 169.18, subd. 3 (10), requiring a motor vehicle not to follow another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway," does no more in substance than to codify the common law. That being so, it does not appear in this case that defendant could have been prejudiced by an instruction in the terms of the statute, even though the statute was inapplicable as to streetcars. The statute substantially enacts the common-law rule applicable to operators of streetcars, and, in instructing in the language of the statute, the court in effect stated the common-law rule which applied in the absence of a statute. Even though the jury might have been misled to the extent that it thought the statute included streetcars, it could not have been misled by the instruction as to the proper degree of due care required of defendant's motormen. We do not hold that there would never be prejudice in a case where a statute is misapplied to a party litigant. Had a violation of the statute constituted negligence per se, it would have been obviously prejudicial to apply it to defendant. Where, however, as here, a violation of the statutory standard was stated by the court in its instructions to be only prima facie evidence of negligence and defendant was subject to the common-law standard of care, which was substantially the same as that embodied in the statute, we hold that there could have been no prejudice to defendant from an instruction which applied the statute.

2. Defendant contends that the instruction that violation of the statute would be prima facie evidence of negligence puts upon it an

additional burden of proof by requiring it to explain away a statutory violation which it claims did not exist. To support this contention, defendant quotes from Nees v. Minneapolis St. Ry. Co. 218 Minn. 536, 16 N. W. (2d) 761, where we said that "A *prima facie* case imports negligence, and explanations are in order." The effect of establishing a prima facie case, however, is not to shift or change the burden of proof, but merely to shift the task of proceeding with the evidence. This court said in Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 113, 5 N. W. (2d) 492, 496:

"* * * The defendant having proved only a violation of the statute connected as cause with the injury, and no more, shifted to plaintiff the burden of the evidence, as distinguished from the burden of proof. The burden on the plaintiff would then be to at least counterbalance the *prima facie* case made by the showing of violation. Topinka v. Minnesota Mut. L. Ins. Co. 189 Minn. 75, 248 N. W. 660, 95 A. L. R. 739."

From this language it is apparent that no additional burden was imposed upon defendant by the instruction, which in effect was that if defendant's conduct was found not to be reasonable and prudent there would be a prima facie case of negligence against it. It is apparent from the record that defendant had ample opportunity to introduce all its available evidence on the issue of whether the conduct of its motormen was reasonable and prudent, and that would have been the test if the court had instructed as to the common-law duty. Our attention is called to M. S. A. 169.03, which provides in part:

"Street cars and trackless trolley cars, except where otherwise specifically provided, shall be governed by the same rules and regulations as provided in this chapter for vehicles and motor vehicles, only insofar as such regulations apply to speed, stopping at through streets and railroad tracks, and obeying signals of traffic-control devices and rights of way, and shall be entitled to the same rights and benefits of this chapter, as to warning, turning and stopping

signals and rights of way, as any vehicle or motor vehicle in the streets and highways of this state."

Defendant contends that under the facts in this case it was error to charge the jury in accordance with the statutory provisions. Referring further to the Nees case, this court said (218 Minn. 537, 16 N. W. [2d] 762):

"In testing acts of a motorman in the operation of a streetcar, juries and courts must necessarily take into consideration that streetcars do not have the mobility of an automobile. Both the ordinance and the statute recognize this fact in providing that streetcars shall be governed by statutory rules and regulations 'only in so far as such regulations apply to speed, stopping at through streets and railroad tracks, and obeying signals of semaphores and rights-of-way.' But the fact that there is no statutory rule or regulation defining the duty of a streetcar operator in a given situation cannot absolve a streetcar company or its motorman from the duty of exercising reasonable or ordinary care in operating its cars upon streets shared in common with other vehicles and pedestrians, nor permit them to ignore with impunity the presence of other vehicles upon the street. Statutory rules or standards of conduct are not exclusive and do not abrogate those defined by the unwritten law. 4 Dunnell, Dig. & Supp. § 6976; 3 Cooley, Torts (4 ed.) § 507; Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, 9 N. C. C. A. 828, L. R. A. 1915D, 628; Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406; Donahue v. Mazzoli, 27 Cal. App. (2d) 102, 80 P. (2d) 743."

Plaintiffs attempt to distinguish the Nees case, in that there a truck, which was following a streetcar, collided with the rear end of the streetcar when it suddenly stopped without signal or warning in an intersection when a woman and her child came running into the intersection after the streetcar was in operation. In the case at bar, it is the claim of plaintiffs, disputed by defendant, that the streetcar overtook and ran into plaintiffs' automobile. Though the facts in the

Nees case are admittedly different to that extent, we cannot see that it alters the rule as to the common-law standard of care recited herein, which is required of the operator of a streetcar in the absence of statute. In substance, the court gave defendant's common-law duty as a statutory duty, and, since there is no material difference in the two duties, we cannot say, considering the charge as a whole, that the jury was misled or that there was such prejudicial error as to warrant a new trial.

Affirmed.

