REGINA POGALZ v. RUBY G. MILLER
AND ANOTHER.

188 N. W. (2d) 877.

July 2, 1971—No. 42641.

*Robins, Davis & Lyons* and *Stanley E. Karon,* for appellant.
*Dudley, Smith, Copeland & Belisle* and *J. C. Cottingham,* for respondents.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

OTIS, JUSTICE.

This action arises out of a collision between a vehicle in which plaintiff, Regina Pogalz, was a passenger, and a vehicle driven by defendant Ruby Miller which made a left turn in front of plaintiff. The jury found for defendants. The issues are (1) whether the statute prohibits a hand signal at night; (2) whether defendant was negligent as a matter of law in making the left turn; and (3) whether it was reversible error to deny a cautionary instruction against imputing to plaintiff the negligence of her driver.

Defendant Ruby Miller was making a left turn into a private driveway at 12:45 a.m. on the morning of October 28, 1967, when she was struck on the left side by an automobile which plaintiff's husband was driving. It is undisputed that the electric turn signals on the Miller vehicle were not functioning. However, Mrs. Miller testified she signaled for the turn by extending her hand and arm.

■ As originally adopted, L. 1937, c. 464, § 44, now codified as Minn. St. 169.19, subd. 7, read as follows:

"The signals herein required shall be given either by means of the hand and arm or by a signal lamp or signal device of a type approved by the commissioner, but when a vehicle is so constructed or loaded that a hand and arm signal would not be visible in normal sunlight and at night both to the front and rear of such vehicle then said signals must be given by such a lamp or device."

In codifying the statute, the revisor inserted commas both before and after the words "and at night both to the front and rear of such vehicle." Plaintiff argues that as the statute now appears in Minn. St. 169.19, subd. 7, an electric signal device is mandatory at night on all vehicles. She points out that to construe the statute otherwise would render the words "sunlight and at night" superfluous. Although there is force to this argument as the law is presently codified, we must look to the statute as originally adopted for legislative intent. So doing, we construe the statute

to mean that a hand and arm signal is permissible except when a vehicle is so constructed or loaded that such a signal would not be visible either in the daytime or at night from the front or rear, in which case an automatic signal device is required. Although Act V., § 68 (Rev. ed. 1934), of the Uniform Vehicle Code did not contain the words "in normal sunlight and at night," we believe they were inserted by the legislature out of an abundance of caution to avoid any question of the necessity for an automatic signal during the daytime, as well as at night, under the circumstances described. The original statute of 1937 was adopted at a time when automatic signals were not required on new cars. That equipment was not made mandatory until July 1, 1949. Consequently, it seems clear that the 1937 law did not intend to prohibit the use of a hand signal at night except where it could not be seen because of the load or design.

■ Plaintiff argues that defendant violated § 169.19, subd. 4, as a matter of law because her left turn could not be made with reasonable safety. That question was squarely presented to the jury in the court's charge and we hold there was competent evidence to sustain the verdict in defendant's favor.

■ Plaintiff requested and was denied an instruction on concurring negligence, and a cautionary instruction against imputing to her any negligence of her driver. We find no prejudice in the court's ruling. On at least three occasions in its charge, the court narrowed the issue to whether or not Mrs. Miller was guilty of negligence which was a proximate cause of the accident. The failure to give a cautionary instruction against imputing to plaintiff the negligence of her driver was a matter which was within the trial court's discretion. We do not agree, as plaintiff argues, that the refusal to grant those requests foreclosed her from arguing to the jury that her driver's negligence was not an issue in the case.

Affirmed.