PHILLIP VAN TASSEL AND ANOTHER v.
MARSHALL M. HILLERNS AND OTHERS.
CITY OF MINNEAPOLIS v.
MARSHALL M. HILLERNS AND ANOTHER.

248 N. W. 2d 313.

December 10, 1976—No. 46443.

*Clarence E. Hagglund* and *Joel M. Muscoplat,* for appellant.
*Walter J. Duffy, Jr.,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for respondent.

Heard before Rogosheske, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Defendant Timothy Branson, a Minneapolis police officer, was driving an unmarked police car in pursuit of an automobile driven by defendant John Marshall Hillerns when the two vehicles collided. Plaintiff Phillip Van Tassel, a Minneapolis police officer and passenger in the police vehicle, was injured and brought suit for his personal injuries, alleging negligence against defendants Branson and Hillerns.[1] The court directed a finding of negligence as to Hillerns. By special verdict, the jury found Hillerns to be 100 percent causally negligent and found Branson to be free of negligence.

Hillerns appeals from a denial of his motion for judgment n. o. v. or a new trial on the sole issue of Branson's negligence. He contends that the trial court erred either in refusing to find Branson negligent as a matter of law for violating Minn. St. 169.18, subd. 8(a),[2] the "following too closely" statute, or in re-

---

[1] There were various other parties to the suit, but their claims need not be discussed. In addition, an action for property damages brought by the city of Minneapolis against Hillerns was consolidated with Van Tassel's action. Our disposition of the negligence issues makes separate consideration of the propriety of the city's recovery against Hillerns unnecessary.

[2] Minn. St. 169.18, subd. 8(a), provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

fusing at least to instruct the jury on that statute. Branson argues that the statute does not apply to this case but, if it does, that the trial court's instructions adequately covered the substance of Hillerns' requested instruction.[3]

The parties concede that the police officers had cause to apprehend Hillerns. The sole question of fact is whether Branson's method of pursuit was reasonable. The final part of the pursuit took place on a four-lane, one-way street. For approximately eight blocks, the officers proceeded in a lane to the left of the one in which Hillerns was driving. When Branson observed an obstruction ahead in his lane, he pulled behind Hillerns, who suddenly applied his brakes. Branson braked but skidded into Hillerns' vehicle.

Testimony conflicted as to the speeds of the respective automobiles during the pursuit and ranged from estimates of 55 to 105 miles per hour. Testimony also conflicted as to the distances between the vehicles. Officer William Champlain, who responded to a call for assistance from the officers, testified that the distance between the Hillerns vehicle and the police vehicle prior to the collision was three or four car lengths, a car length meaning 10 to 15 feet. Branson testified that while following in a different lane, most of the time he maintained a distance of approximately two car lengths behind, a car length meaning about 16 feet, and that at the time Hillerns applied his brakes, Branson was following at a distance of more than two car lengths. Plaintiff testified that the distance was two to three car lengths or possibly more, a car length meaning a little more than 15 feet.

The court instructed the jury on the law of negligence. It began with a general definition:

"* * * Negligence is the failure to use reasonable care. Reasonable care is that care which a reasonable person would use under like circumstances. Negligence is the doing of something which a reasonable person would not do or the failure to do some-

---

[3] Branson makes various other arguments, largely procedural ones, which, due to our disposition of the merits, we do not reach.

thing which a reasonable person would do under like circumstances."

More particularly, it stated:

"* * * [E]very driver of a motor vehicle upon the streets and highways of this state must keep a proper lookout for other cars and traffic upon the streets and highways and to keep his car under a reasonable control so as to avoid colliding with other vehicles upon the highways."

The court then read Minn. St. 169.03, subd. 2, and 169.17, the violation of which would constitute negligence in the absence of excuse or justification. These statutes establish the qualified duty of authorized emergency vehicles to observe stop signs and speed limits. The court instructed the jury that a driver of an authorized emergency vehicle "is required to observe and exercise that care which a reasonable prudent man would exercise in the discharge of official duties of like nature and under like circumstances."

The court refused several instructions requested by Hillerns. The only one at issue here read: "The driver of a police vehicle may not follow another vehicle any more closely than reasonable and prudent, taking the speed of the vehicles and traffic into consideration. M.S.A. 169.18, Subd. 8(a) * * *." In chambers the trial judge indicated his belief that the statute was not applicable to this case.

The first issue presented is whether Minn. St. 169.18, subd. 8(a), applies to the facts of this case and, if so, whether its application mandates a conclusion that Branson was negligent as a matter of law. Branson argues that this statute does not apply for either of two reasons: (1) There is an implied exception from this statute in favor of authorized emergency vehicles; (2) by use of the word "following," the legislature did not intend by this statute to regulate the conduct of a police vehicle in pursuit of one who has violated the law.

We see no reason to depart from our holding in Martinco v.

Hastings, 265 Minn. 490, 122 N. W. 2d 631 (1963), that the highway traffic regulations apply to authorized emergency vehicles, unless an exception to their provisions is expressly provided. This conclusion is compelling here, particularly, since Minn. St. 169.18, subd. 8(a), does no more than provide that one driver shall not follow another "more closely than is *reasonable and prudent * * *.*" (Italics supplied.)[4] To authorize an exception would be to authorize conduct that is unreasonable and imprudent. This the legislature did not express, and this we will not infer.

Branson argues with some force that the word "following" contemplates normal vehicular traffic and that the statute was not intended to apply to police officers in pursuit of a law violator. We are not persuaded, and hold that despite the use of the word "following" in this statute, the court might have instructed the jury on it. Counsel themselves used the term "following" in their questioning of witnesses and in their closing arguments; witnesses used the term in their answers. Their use of the term illustrates that its meaning in common parlance embraces the conduct of the police officers in relation to the fleeing Hillerns. The word "following" is a sufficiently general term and is here used in a sufficiently general statute that an instruction on it would not have been misleading and might have been helpful.

Even if the court had applied this statute, its application would not have mandated a conclusion that Branson was negligent as a matter of law. The proposition is well-established that "it is only in the clearest of cases that the question of negligence becomes one of law." Martinco v. Hastings, 265 Minn. 490, 501, 122 N. W. 2d 631, 640 (1963). With regard to the issue of following too closely, we said, Martinco v. Hastings, 265 Minn. 490, 500, 122 N. W. 2d 631, 640: "In each case, except when reasonable

---

[4] Compare the specific prohibitions regarding stop signs and speed limits, Minn. St. 169.06, subd. 5(c), and 169.14 to 169.17, from which emergency vehicles are given qualified exemptions. Minn. St. 169.03, subd. 2, and 169.17.

minds may not differ, the degree of care required, and whether it was exercised, are questions for the jury." Given the conflicting testimony as to the speed of the vehicles and the distance between them, as well as the other facts and circumstances surrounding the pursuit, it cannot be said about this case that reasonable minds may not differ. Application of the statute raises a jury question.

We are thus faced with Hillerns' final contention, that the trial court's refusal to grant the requested instruction prejudiced him because his theory of the case was not adequately presented to the jury. Even when a court's instructions are not adequate to cover a party's theory and an instruction which should have been given is refused, the court's omission must prejudice the appellant in order to constitute reversible error. See, Malik v. Johnson, 300 Minn. 252, 219 N. W. 2d 631 (1974); Lommen v. Adolphson & Peterson Const. Co. 283 Minn. 451, 168 N. W. 2d 673 (1969). We are not persuaded that Hillerns was prejudiced by the court's refusal to give the requested instruction. The court's instruction defining negligence fully stated the general rule. Lommen v. Adolphson & Peterson Const. Co. 283 Minn. 451, 455, 168 N. W. 2d 673, 677. Minn. St. 169.18, subd. 8(a), is merely the codification of a common-law duty. Peterson v. Minneapolis St. Ry. Co. 226 Minn. 27, 33, 31 N. W. 2d 905, 908 (1948) (construing Minn. St. 1945, § 169.18, subd. 3[10], which is identical to Minn. St. 169.18, subd. 8[a]). In providing no more than that a driver follow at a "reasonable and prudent" distance, the statute adds little to the general definition of negligence.

Moreover, the court's instructions did not foreclose Hillerns from arguing his theory. See, Pogalz v. Miller, 290 Minn. 411, 413, 188 N. W. 2d 877, 878 (1971). The jury understood the issue. The witnesses who testified as to the facts of the accident were asked about the distance between the automobiles. All three counsel discussed the issue of following in their closing arguments. The jury's verdict can be taken to mean that under the facts and circumstances of this case, Branson's operation of his vehicle

in such proximity to the vehicle of Hillerns did not amount to negligence. The failure to give the requested instruction did not prejudice Hillerns; it was at most harmless error. Given the circumstances in which the collision occurred—while a police officer was performing his duty of apprehending a recklessly fleeing law violator—the jury's verdict was hardly surprising.

Affirmed.