Ruth Ann FLOM, Respondent,

v.

Robert P. FLOM, City of Owatonna,
Appellants.

Nos. 49562, 49582.

Supreme Court of Minnesota.

Jan. 25, 1980.

Baudler, Baudler & Maus, William Baudler, Austin, Robert P. Flom, pro se. for Flom in No. 49562.

Reding & Votel and James A. Reding, St. Paul, for City of Owatonna in No. 49582.

Rietz, Rietz & Rietz and Larry J. Rietz, Owatonna, for respondent.

## OPINION

KELLY, Justice.

Plaintiff, who sustained injuries in a fall from a manually operated merry-go-round in a public park, brought a negligence action against her husband, who was pushing the merry-go-round at the time, and the city that owned the park. After a trial the jury apportioned causal negligence 55 percent to the husband, 35 percent to the city, and 10 percent to the plaintiff and awarded damages. The trial judge ordered judgment on the jury findings and denied defendants' motions for a new trial or judgment notwithstanding the verdict. Both defendants appeal from the judgment, claiming that there is insufficient evidence to show negligence or cause on the part of either defendant. Defendant Robert Flom also claims that plaintiff was more negligent than he was as a matter of law. We affirm.

On Saturday, October 15, 1975, defendant Robert Flom, his wife, plaintiff Ruth Ann Flom, and their 5-year-old son and his friend went to Mineral Springs Park in Owatonna. While they were there, the children asked to play on the park merry-go-round before going home. The merry-go-round was manually operated and circular with a center pole from which spokes extended to points close to the perimeter of the platform. There were nine fork-shaped metal support bars along the edge of the perimeter. At that time, several boards in the platform were broken; a piece of metal was hanging from the platform (apparently a weld from one of the support bars); and part of the support area was loose. There was a cement walkway all around the merry-go-round.

Mr. Flom set the two children close to the perimeter of the platform so that their legs straddled the support bars and their feet hung over the edge. Both children grasped the support bar in front of them. Mr. Flom then turned the merry-go-round slowly once or twice. The children and Mr. Flom then "coaxed" plaintiff to get onto the merry-go-round. With some hesitation because she was afraid of "rides," plaintiff got onto the merry-go-round on the opposite side from the children, sitting on the flat surface facing outward between two of the support bars. She drew her legs up so that her feet were flat on the platform about one foot from the edge, and grasped the support bar on either side with each hand. Both she and the children sat away from the broken boards and any loose area.

Mr. Flom positioned himself halfway between plaintiff and the children, facing the children, with his back toward plaintiff, and began pushing the merry-go-round. He testified that he started pushing slowly but picked up speed until he was running "[a]s fast as I could without stumbling." While he was pushing the merry-go-round, plaintiff did not cry out or tell him to stop. When, but not before, Mr. Flom let go, he observed a frightened look on his wife's face and heard a "chattering sound" emanating from the merry-go-round. At that time he testified that he observed the merry-go-round wobble and pitch about three or four inches at the perimeter. He immediately attempted to stop the merry-go-round, but plaintiff fell off sometime during the split second it took him to react.

Plaintiff testified that when Mr. Flom let go of the merry-go-round, it was going "very, very fast * * *. [I]t started shaking and wobbling and making all this noise, and going so fast as it pitched downward, the next thing I knew I was laying on the cement." To the question, "Did you ever voluntarily release your hands," she replied, "Absolutely not." The fall to the cement pavement caused some permanent injury to plaintiff's leg.

Robert Kneifel, an Owatonna city employee, testified that he and several co-workers removed the merry-go-round for painting sometime in the fall of 1975, after the accident. Before removal, they spun the merry-go-round while occupied, and it did not wobble. Kneifel testified that the four nuts that held the body of the merry-go-round to the base were tightly screwed at that time. The Owatonna park maintenance department then fixed the boards and loose metal and reinstalled the merry-go-round. Kneifel testified that, except for the minor repairs, the mechanical portion of the merry-go-round was in the same position when the department reinstalled the merry-go-round as it was when the department removed the merry-go-round.

Fred Cady, an accident reconstruction expert, testified that he examined the reinstalled merry-go-round. He testified that

in his opinion a wobble due to looseness of the base or movement in the bearings could be at most ⅛ inch of vertical movement at the edge of the platform.

*Issues Presented*

1. Was the evidence sufficient to support the jury findings of both negligence and cause on the part of defendant Robert Flom?

2. Does the evidence compel a finding that plaintiff was more negligent than defendant Robert Flom as a matter of law?

3. Was the evidence sufficient to support a jury finding of both negligence and cause on the part of the defendant City of Owatonna?

■ 1. Negligence is the failure to exercise such care as persons of ordinary prudence usually exercise under such circumstances. *Hartmon v. National Heater Co.*, 240 Minn. 264, 60 N.W.2d 804 (1953); *Peterson v. Minneapolis Street Ry.*, 226 Minn. 27, 31 N.W.2d 905 (1948). However, an action or omission is not negligence if the harm that resulted from it could not be reasonably anticipated or foreseen. *Luke v. City of Anoka*, 277 Minn. 1, 151 N.W.2d 429 (1967). The issue of negligence is normally for the jury and must be upheld unless the reviewing court, viewing "the evidence in the light most favorable to the verdict" and drawing "every reasonable inference in support of the verdict," finds the verdict "to be manifestly and palpably contrary to the evidence as a whole." *Webster v. St. Paul City Ry.*, 241 Minn. 515, 517, 64 N.W.2d 82, 84 (1954); *Accord, Ruskamp v. Ferknes*, 261 N.W.2d 612 (Minn.1978).

■ On this issue, there is little need to go beyond the remarks of the trial judge in his memorandum attached to the order denying a new trial:

The evidence at trial tended to show that Robert Flom was aware that the merry-go-round was not in good repair. The testimony of Ruth Flom tended to show that she was not as securely on the merry-go-round as the children were; the children were next to the supports while Ruth Flom was between two supports.

The jury could infer from this evidence that Robert Flom behaved negligently in spinning the merry-go-round as fast as he was able when it appeared both that the device was not in good repair and that his wife was not securely seated.

It might be added that, under the circumstances, a reasonable jury might also find it reasonably foreseeable that excessive speed might have created too great a risk of Mrs. Flom being thrown from the merry-go-round.

It is also necessary to determine whether there is sufficient evidence to support the jury's determination that Mr. Flom's negligence proximately caused the accident. Proximate cause exists if the negligent conduct was a substantial factor in bringing about the injury. *Johnson v. Evanski*, 221 Minn. 323, 328, 22 N.W.2d 213, 216 (1946); *Medved v. Doolittle*, 220 Minn. 352, 356, 19 N.W.2d 788, 790 (1945). A jury determination of causation, like negligence, "will not be upset unless the court finds it to be manifestly contrary to the weight of the evidence." *Lamke v. Louden*, 269 N.W.2d 53, 56 (Minn.1978).

On the evidence of this case, the jury could have found that Mrs. Flom did not voluntarily let go of the support bars and therefore inferred that a combination of the excessive speed and the wobble threw her off the merry-go-round. The centrifugal force caused by the excessive speed of the merry-go-round could reasonably be found to have been a substantial factor in bringing about the injuries.

■ 2. The jury's apportionment of negligence will not be set aside "unless there is no evidence reasonably tending to sustain the apportionment or the apportionment is manifestly and palpably contrary to the evidence." *Martin v. Bussert*, 292 Minn. 29, 38, 193 N.W.2d 134, 139 (1971). According to the evidence, when plaintiff boarded the merry-go-round, she had only seen Mr. Flom push the merry-go-round slowly. She had no notice how fast he was going to push it, and may have legitimately assumed that Mr. Flom was going to push the merry-go-round slowly. Mr. Flom, on the other hand, was directly responsible for the excessive speed of the merry-go-round, which was a major cause of the accident. On these facts, the jury could reasonably have found that plaintiff was less negligent than Mr. Flom.

■ 3. The city concedes that it had a duty of care to the plaintiff. The extent of the duty of care of possessors of land to nontrespassers has been most thoroughly discussed in *Peterson v. Balach*, 294 Minn. 161, 199 N.W.2d 639 (1972), the main importance of which was the abolition of the common law distinction between licensees and invitees. The *Peterson* court provided,

> The duty required of a landowner (or the person charged with responsibility for the condition of the land) as to licensees and invitees is no more and no less than that of any other alleged tortfeasor, and that duty is to use reasonable care for the safety of all such persons invited upon the premises, regardless of the status of the individuals.

*Id.* at 174, 199 N.W.2d at 647. Factors to be considered are "the circumstances under which the entrant enters the land * * ; foreseeability or possibility of harm, duty to inspect, repair, or warn; reasonableness of inspection or repair, and opportunity and ease of repair or correction." *Id.* at 174 n. 7, 199 N.W.2d at 648 n. 7.

■ In this case, the jury, through their prerogative as factfinders, could have discounted the testimony of the expert witness. *See LaValle v. Aqualand Pool Co.*, 257 N.W.2d 324, 328 (Minn.1977); *Backman v. Fitch*, 272 Minn. 143, 155, 137 N.W.2d 574, 582 (1968). The jury could have credited the Floms' testimony that the merry-go-round in fact pitched and wobbled excessively, and reasonably inferred that such a substantial wobble could only have been caused by a defect in the mechanical structure of the merry-go-round. From the general rundown condition of the merry-go-round, and from the specific nature of the defect that caused the wobble, the jury could further have inferred that the defect had existed for a sufficient period of time

that the city should reasonably have discovered and repaired it. Under the circumstances, the jury could have found that the city was negligent in failing to repair the merry-go-round so that it would not pitch and wobble so extensively.

In addition, the jury could have credited Mrs. Flom's testimony that she did not voluntarily let go of the merry-go-round, and infer therefrom that the wobbling motion was a substantial factor in causing her to be thrown off of it. Under the circumstances, it was reasonable for the jury to find that the city's negligence in failing to repair the merry-go-round was a proximate cause of plaintiff's injuries.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.