Russell ANDERSON, individually and as parent and natural guardian of Christopher Anderson, Respondent,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,

Horace Mann Insurance Company, Respondent.

No. C0–88–646.

Court of Appeals of Minnesota.

Aug. 23, 1988.

Gerald J. Seibel, Fluegel, Anderson, Dalager, Dalager & Seibel, Morris, for Anderson.

Gunder D. Gunhus, Gunhus, Grinnell, Klinger, Swanson & Guy, Moorhead, for St. Paul Fire and Marine Ins. Co.

H. Morrison Kershner, Rufer & Hefte, Fergus Falls, for Horace Mann Ins. Co.

Heard, considered and decided by WOZNIAK, C.J., CRIPPEN, P.J., and SHORT, J.

### OPINION

SHORT, Judge.

Respondent Russell Anderson brought an action seeking basic economic loss bene-

fits on behalf of himself and his minor son as a result of injuries sustained and medical expenses incurred when his minor son was struck by a rotary snowplow operated by an employee of Stevens County on December 15, 1983. Both potential insurers refused coverage. Based on a joint stipulation of facts, depositions and copies of the insurance policies, motions for dismissal and summary judgment were filed by all parties.

The trial court granted summary judgment in favor of respondent Anderson and his son against appellant St. Paul Fire and Marine Insurance Company (St. Paul Fire). We affirm.

## FACTS

On December 15, 1983, Christopher Anderson (age 13) tunneled into a large snowbank toward the back of the parking lot of the Stevens County Developmental Achievement Center located in Morris, Minnesota. The Center was closed on that day because of blowing and drifting snow conditions. Stevens County had responsibility for plowing the parking lot. On December 15, 1983, an employee of Stevens County was operating a county-owned rotary snowplow in the parking lot. While plowing, the snowplow struck the minor in the tunnel in the snowbank and caused severe injuries.

The snowplow at issue consists of a snowblower mounted on a truck. The Sno-Go model TV–3 snowblower was manufactured by Klauer Manufacturing Company. It is powered by an Allis–Chalmers model 21,000 H, 6 cylinder diesel engine with 844 cubic inches of displacement. The industrial power unit is mounted on the rear of a FWD model KB4, four wheel drive truck, powered by a 501 cubic inch International six-cylinder gasoline engine. The complete rotary snowplow unit weighs 26,100 pounds, with a height of 11 feet; length of 26 feet, 5 inches; and a width of 8 feet, 5 inches. The truck is registered with the State of Minnesota Department of Motor Vehicles, under Minn.Stat. Chap. 168 and bears a Minnesota Tax Exempt license.

Stevens County maintained insurance on county-owned vehicles through St. Paul Fire. Respondent Anderson maintained automobile liability insurance on his personal vehicles with Horace Mann Insurance Company. Both insurers denied Anderson's claim for economic loss benefits under their policies.

## ISSUES

1. Under the facts, is a rotary snowplow a motor vehicle under the definition in Minn.Stat. § 65B.43, subd. 2 (1986)?

2. If so, did the injuries arise out of the maintenance or use of a motor vehicle?

## ANALYSIS

In reviewing an order granting summary judgment, this court applies the same standard as the trial court and must determine (1) whether there are any genuine issues of material fact; and (2) whether the trial court erred in its application of law. *L & H Transport, Inc. v. Drew Agency, Inc.,* 403 N.W.2d 223, 227 (Minn.1987) (citing *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979)). When questions of law are raised, this court is free to conduct an independent review of the law. *Service Oil, Inc. v. Triplett,* 419 N.W.2d 502, 503 (Minn.Ct.App.1988).

There are no issues of fact in dispute in this case. All parties agree that the issues on appeal involve interpretations of law.

### I.

Basic economic loss benefits provide "reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle." Minn. Stat. § 65B.44 (1986). Appellant St. Paul Fire argues that a rotary snowplow is not a motor vehicle under the no-fault automobile insurance act.

Motor vehicle is defined as:

[E]very vehicle, other than a motorcycle or other vehicle with fewer than four wheels, which (a) is required to be registered pursuant to chapter 168, and (b) is designed to be self-propelled by an engine or motor for use primarily upon

public roads, highways or streets in the transportation of persons or property, * * *.

Minn.Stat. § 65B.43, subd. 2 (1986). The statute lists four necessary elements: (1) required to be registered, (2) designed to be self-propelled, (3) designed for use primarily upon public roads, and (4) designed for use in the transportation of persons or property.

Appellant argues that the rotary snowplow is exempt from registration under Minn.Stat. § 168.011 *et seq.* because it is special mobile equipment. Special mobile equipment is defined as:

> [E]very vehicle not designed or used primarily for the transportation of persons or property and only incidentally operated or moved over a highway, including but not limited to: ditch digging apparatus, moving dollies, bucket loaders, tractors other than truck-tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth moving carry-alls, scrapers, power shovels, drag lines, self-propelled cranes and earth moving equipment. The term does not include house trailers, dump trucks, truck mounted transit mixers, truck mounted feed grinders or other motor vehicles designed for the transportation of persons or property to which machinery has been attached.

Minn.Stat. § 168.011, subd. 22 (1986). Special mobile equipment is distinct from a registered vehicle because it is only incidentally on public roads. The snowplow at issue does not fit the statutory definition because its primary use is in plowing snow *on* public highways and property. Its use on highways and public roads is clearly not incidental. The statute specifically excludes from its scope "motor vehicles ... to which machinery has been attached." The snowplow at issue is a truck to which machinery, a snowblower, has been attached. We agree with the trial court that the snowplow is not special mobile equipment under Minn.Stat. Ch. 168. Registration is required and the unit was designed primarily for use upon public roads.

There can be little dispute regarding whether the snowplow is self-propelled. *See, e.g., Peterson v. Minneapolis Street Railway Co.,* 226 Minn. 27, 30, 31 N.W.2d 905, 907 (1948). The parties stipulated to that fact.

The final element of the definition of a motor vehicle is that the vehicle was "designed * * * for * * * transportation of persons or property." Minn.Stat. § 65B.43, subd. 2 (1986). It is clear that the truck at issue was designed for transporting persons or property. In fact, the property transported in this case is the diesel engine and snowblower attachment. Appellant argues that the permanent attachment of the snowblower to the truck changes the result. We do not agree. Minn.Stat. § 168.011, subd. 22 (1986) says that special mobile equipment does not include motor vehicles to which machinery has been attached. The statute does not distinguish between temporary attachment and permanent attachment. That the county chooses to leave the snowblower permanently attached to the truck, thereby limiting the use of the vehicle, is not a recognized statutory basis for classifying the unit as special mobile equipment.

## II.

■ Appellant argues that the injury did not arise out of the use or maintenance of a motor vehicle as required by Minn.Stat. § 65B.44 (1986). The Minnesota supreme court recently outlined the analytical framework for determining whether an injury arose out of the use or maintenance of the motor vehicle in *Continental Western Insurance Co. v. Klug,* 415 N.W.2d 876 (Minn.1987). The three factors to consider are (1) the extent of the causation between the vehicle and the injury, (2) whether an act of independent significance occurred breaking the causal link, and (3) what type of use of the vehicle was involved. *Id.* at 878.

The parties stipulated that the snowplow struck Christopher Anderson. There is no evidence that any acts of independent significance occurred here. *See, e.g., Holm v. Mutual Service Casualty Insurance Co.,*

261 N.W.2d 598, 603 (Minn.1977) (act of independent significance where police officer left his vehicle to make an arrest and commit battery on the motorcyclist he was chasing); *see also Wieneke v. Home Mutual Insurance Co.*, 397 N.W.2d 597 (Minn. Ct.App.1986) (act of independent significance where assailant and plaintiff drove alongside each other yelling insults, both stopped, assailant got out of car and punched plaintiff in the face while plaintiff remained seated in his car). Further, there is a clear nexus between the injury and the snowplow. Anderson's injuries arose out of the use of the snowplow.

## DECISION

For purposes of the Minnesota no-fault automobile insurance act, this rotary snowplow is a motor vehicle and respondent Anderson is entitled to basic economic loss benefits from appellant St. Paul Fire. *See* Minn.Stat. § 65B.47, subd. 3 (1986).

Affirmed.