Eunice CUMMINS and Marion Cummins, Individually and as the Natural Guardians of Eunice Cummins, Appellants,

v.

Tim KLENK, et al., Respondents,

Timothy Peter Sanders, Defendant.

No. C3–91–280.

Court of Appeals of Minnesota.

Sept. 3, 1991.

Fred A. Reiter, Minneapolis, for appellants.

Stephen G. Andersen, Karen A. Ring, Minneapolis, for respondents.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and THOREEN *, JJ.

## OPINION

JOHN F. THOREEN, Judge.

Appellant Eunice Cummins brought suit for personal injuries she suffered when the car in which she was a passenger left the road and crashed. Cummins commenced the action against respondents Washington County and Sheriff's Deputy Timothy Klenk. Klenk was pursuing the vehicle at the time of the accident. Appellant claims Klenk was negligent in deciding to stop the vehicle and because he failed to call off the pursuit. The trial court granted a motion for a directed verdict by Washington County and Deputy Klenk finding no evidence of negligence or causation. We affirm.

## FACTS

At approximately 4:30 a.m. on August 22, 1987, Sheriff's Deputy Timothy Klenk was on routine patrol in a marked squad car when he first observed a vehicle stopped at a four-way intersection of County Roads 13 and 10 in Washington County. Timothy Sanders was driving, and Eunice Cummins was riding in the front passenger seat. After 15–20 seconds, Sanders' car proceeded north on County Road 13 at approximately 25 m.p.h. Deputy Klenk decided to stop and investigate the car based on his training and experience as a police officer, and given the following circumstances: it was 4:30 a.m., the occupants appeared young and nervous, the vehicle paused for a long period of time before proceeding, and several burglaries had recently occurred in the area.

---

\* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Deputy Klenk followed Sanders' car and activated the red lights of his patrol car. Sanders continued forward at a speed of 30–35 m.p.h. in the 55 m.p.h. zone. Deputy Klenk then pulled alongside Sanders in an effort to get his attention, and Sanders turned into Klenk's lane, within eight inches of hitting the patrol car. Klenk dropped back, turned on his siren, and informed the dispatcher that he would be involved in a chase. Sanders accelerated to speeds of 80–90 mph, while Deputy Klenk followed from a distance of five or six car lengths.

When Sanders reached the intersection of County Road 13 and Stillwater Boulevard, he attempted to turn left, lost control and crashed into roadside trees. Cummins, who was a passenger in Sanders' car, suffered a fractured pelvis and other injuries. Following the accident Sanders was charged with driving without a driver's license, fleeing an officer, and unauthorized use of a motor vehicle.

## ISSUE

Did the trial court err in directing a verdict for defendants Klenk, Washington County Sheriff's Department, and Washington County at the close of plaintiff's case?

## ANALYSIS

■ A motion for a directed verdict raises a question of law as to the sufficiency of the evidence to raise a fact question for jury determination. The motion should be granted only if it would clearly be the duty of the court to set aside a contrary verdict as manifestly against the evidence or when such a verdict would not comply with the applicable law. *Midland Nat'l Bank v. Perranoski*, 299 N.W.2d 404, 409 (Minn. 1980). The same standard governs this court on review. *Id.*

The standard of care to be applied to Klenk in this case was clearly stated by the supreme court in *Edberg v. Johnson*, 149 Minn. 395, 399, 184 N.W. 12, 13–14 (Minn. 1921):

He is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances. *See Van Tassel v. Hillers*, 311 Minn. 252, 248 N.W.2d 313 (1976).

■ The parties incorrectly rely on Minn. Stat. § 65B.605. This statute merely relieves the suspect of liability for damage caused by the pursuing officer's vehicle in case the officer is not exercising reasonable care.

Furthermore, the highway traffic regulations apply to authorized emergency vehicles unless an exception to their provisions are expressly provided. *Martinco v. Hastings*, 265 Minn. 490, 495, 122 N.W.2d 631, 636–37 (1963).

■ Here, Klenk was entitled to the benefit of Minn.Stat. §§ 169.03, subd. 5, 169.-17, and 169.20, provided his vehicle qualified as an authorized emergency vehicle at the time of the accident.

■ Klenk's squad car was an authorized emergency vehicle as defined by Minn.Stat. § 169.01, subd. 5, which provides:

Authorized emergency vehicle means any of the following vehicles when equipped and identified according to law: * * * (2) a publicly owned police vehicle.

It is not disputed that Klenk was driving a Washington County Sheriff's squad car properly equipped and identified and that he used his siren and red lights as required by Minn.Stat. §§ 169.17 and 169.20, subd. 5.

■ Appellant claims Klenk was negligent in initially attempting to stop Sanders and because he had no legal basis for a stop. We disagree. In this case, Klenk clearly met the test of *State v. Johnson*, 444 N.W.2d 824, 827 (Minn.1989) which allows a police officer to make a brief limited investigative stop if the officer has a particular and objective basis for suspecting the person stopped of criminal activity.

■ Moreover, this claim is actually not material, because Sanders, when approached by the squad car, crossed the center line in an attempt to ram or block the police vehicle rather than comply with

Minn.Stat. § 169.20. These violations entitled Klenk to stop and arrest Sanders and pursue him if necessary to do so. *See State v. Combs,* 398 N.W.2d 563, 565, n. 2 (Minn.1987).

■ Nor was Klenk negligent in his pursuit of Sanders after his initial attempt to stop him failed. This was a rural area. It was early in the morning and there was no other traffic and no risk to innocent bystanders. Klenk followed at a safe distance with emergency lights and siren activated. *Pletan v. Gaines,* 460 N.W.2d 74 (Minn.App.1990), relied upon by appellants, does not support their position. The facts in that case presented an aggravated and dangerous pursuit in the daytime in a metropolitan area. Furthermore, the issue for review in that case was whether discretionary immunity applied, not the standard of care to be applied to an emergency vehicle.

Under the circumstances in this case, Klenk had a duty to pursue, stop and arrest Sanders. He attempted to do so in a prudent manner. We agree with the trial court that the evidence failed to raise a fact question for jury determination.

In view of our finding on the issue of negligence, it is not necessary to consider causation or the possible defense of official immunity.

### DECISION

The trial court properly directed a verdict in favor of respondents Klenk, Washington County Sheriff's Department, and Washington County.

Affirmed.